■ In the Matter of the Claim of DENNIS CANNY, Respondent, against WALSH CONSTRUCTION COMPANY et al., Appellants and WALSH, SENIOR, PALMER & CONNOLLY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board which directed such appellant carrier to reimburse the respondent carrier for a subsequent employer to the extent of 88.9% of the compensation awarded claimant for disability due to compressed air illness, an occupational disease. The apportionment was made pursuant to section 44 of the Workmen's Compensation Law and on the basis of claimant's employment, under compressed air, by appellant employer for 40 days in 1937 and 1938 and by respondent employer for 5 days in 1952. There was substantial medical evidence attributing claimant's contracting of the disease to both employments, disablement not occurring, however until 1952. Appellants contend that, by implication, apportionment under section 44 may be had only against employers for whom a claimant worked " within the twelve months previous to the date of disablement" (Workmen's Compensation Law, § 40), the

time limit for contraction of occupational diseases generally. We have, however, previously disapproved this same contention on the ground that the provisions of section 40 expressly exclude cases of compressed air illness from the 12-month limitation (*Matter of Gallagher* v. *Senior, Palmer & Connolly,* 4 A D 2d 898, motion for leave to appeal dismissed 4 N Y 2d 703). Decision affirmed, with costs to respondents employer and carrier against appellants. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.